Slip Op. 13-32

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| KOYO CORPORATION OF U.S.A.,<br><br>                  Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                  Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 12-00147 |

**OPINION**

[Dismissing all claims for failure to state a claim upon which relief can be granted; dismissing the action.]

Dated: March 13, 2013

     John M. Gurley, Nancy A. Noonan, and Diana D. Quaia, Arent Fox, LLP, of Washington, DC, for Plaintiff Koyo Corporation of U.S.A.

     Courtney S. McNamara and Jessice R. Toplin, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for Defendants United States, U.S. Customs and Border Protection, David V. Aguilar, Acting Commissioner, U.S. Customs and Border of Protection, of Washington, DC. With them on the briefs were Stuart F. Delery, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

     Patrick V. Gallagher, Jr., Attorney Advisor, United States International Trade Commission, Office of General Counsel, of Washington, DC, for Defendants U.S. International Trade Commission and Irving Williamson, Chairman, U.S. International Trade Commission. With him on the brief was Neal J. Reynolds, Assistant General Counsel for Litigation.

     Terence P. Stewart, Geert M. De Prest, and Patrick J. McDonough, Stewart and Stewart, of Washington, DC, for Defendant-Intervenors The Timken Company and MPB Corporation.

     Gordon, Judge: This case arose from the actions of two agencies, the U.S. International Trade Commission ("ITC") and U.S. Customs and Border Protection ("Customs") that denied Plaintiff Koyo Corporation of U.S.A. ("Koyo") certain monetary

Court No. 12-00147                                                                                              Page 2

benefits under the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA"), 19 U.S.C § 1675c (2000), <u>repealed by</u> Deficit Reduction Act of 2005, Pub. L. 109-171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).[1]  The ITC did not include Koyo on a list of parties potentially eligible for "affected domestic producer" ("ADP") status, which would have qualified Koyo for distributions of antidumping duties collected under various antidumping duty orders on tapered roller bearings and ball bearings ("subject orders").  Pl.'s Compl. ¶¶ 16, 47, 51, ECF No. 2.  Because Plaintiff was not on the ITC's list of potential ADPs, Customs made no CDSOA distributions to Koyo.

Plaintiff brings facial and as-applied constitutional challenges to the CDSOA under the First Amendment and the equal protection and due process guarantees of the Fifth Amendment.

Before the court are the USCIT Rule 12(b)(5) motions of the ITC and the United States to dismiss for failure to state a claim upon which relief can be granted, and the Rule 12(c) motion of The Timken Company and MPB Corporation for judgment on the pleadings.  The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i) (2006).  See <u>Furniture Brands Int'l, Inc. v. United States</u>, 35 CIT __, __, 807 F. Supp. 2d

---

[1] Congress repealed the CDSOA in 2006, but the repealing legislation provided that "[a]ll duties on entries of goods made and filed before October 1, 2007, that would [but for the legislation repealing the CDSOA], be distributed under [the CDSOA] . . . shall be distributed as if [the CDSOA] . . . had not been repealed . . . ." Deficit Reduction Act of 2005, Pub. L. No. 109-171, § 7601(b), 120 Stat. 4, 154 (2006). In 2010, Congress further limited CDSOA distributions by prohibiting payments with respect to entries of goods that as of December 8, 2010 were "(1) unliquidated; and (2)(A) not in litigation; or (B) not under an order of liquidation from the Department of Commerce." Claims Resolution Act of 2010, Pub. L. No. 111-291, § 822, 124 Stat. 3064, 3163 (2010).

1301, 1307-10 (2011).  For the reasons set forth below, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted.  The court will grant Defendants' and Defendant-Intervenors' motions and dismiss this action.

### I. Background

Plaintiff was a domestic manufacturer of tapered roller bearings and ball bearings at the time of the original antidumping duty investigations that resulted in the subject orders.[2]  Compl. ¶ 13.  Koyo did not support the underlying antidumping duty investigations.  Compl. ¶ 15.  Plaintiff submitted multiple requests and certifications with the ITC and Customs seeking to be included on the list of ADPs.  Compl. ¶¶ 16, 44, 45,

---

[2] See Ball Bearings, Cylindrical Roller Bearings, and Parts Thereof from Sweden, 54 Fed. Reg. 20,907 (Dep't of Commerce May 1, 1989) (antidumping duty order); Ball Bearings, Cylindrical Roller Bearings, and Parts Thereof from the United Kingdom, 54 Fed. Reg. 20,910, (Dep't of Commerce May 15, 2009) (antidumping duty orders and amendments to determinations of sales at less than fair value); Ball Bearings, Cylindrical Roller Bearings, and Spherical Plain Bearings and Parts Thereof from France, 54 Fed. Reg. 20,902 (Dep't of Commerce May 15, 1989) (antidumping duty orders); Ball Bearings, Cylindrical Roller Bearings, and Spherical Plain Bearings and Parts Thereof from the Federal Republic of Germany, 54 Fed. Reg. 20,900 (Dep't of Commerce May 15, 1989) (antidumping duty orders); Tapered Roller Bearings, and Parts Thereof, Finished or Unfinished, from the Hungarian People's Republic, 52 Fed. Reg. 23,319 (Dep't of Commerce June 19, 1987) (antidumping duty order); Ball Bearings and Cylindrical Roller Bearings, and Parts Thereof from Italy, 54 Fed. Reg. 20,903 (Dep't of Commerce May 15, 1989) (antidumping duty orders); Ball Bearings and Parts Thereof from Romania, 54 Fed. Reg. 20,906 (Dep't of Commerce May 15, 1989) (antidumping duty order); Ball Bearings and Parts Thereof from Singapore, 54 Fed. Reg. 20,907 (Dep't of Commerce May 15, 1989) (antidumping duty order); Tapered Roller Bearings and Parts Thereof, Finished or Unfinished, from the People's Republic of China, 52 Fed. Reg. 22,667 (Dep't of Commerce June 15, 1987) (antidumping duty order); Tapered Roller Bearings and Certain Components from Japan, 41 Fed. Reg. 34,974 (Dep't of Treasury Aug. 18, 1976) (antidumping duty order); Tapered Roller Bearings and Parts Thereof, Finished or Unfinished, from Japan, 52 Fed. Reg. 37,352 (Dep't of Commerce Oct. 6, 1987) (antidumping duty order); Ball Bearings, Cylindrical Roller Bearings, and Spherical Plain Bearings, and Parts Thereof from Japan, 54 Fed. Reg. 20,904 (Dep't of Commerce May 15, 1989) (antidumping duty orders).

48, 53.  To date, the ITC has not included Koyo on its list of ADPs eligible for disbursements of antidumping duties under the CDSOA for the subject orders for any fiscal year, including Fiscal Years 2010 and 2011.  Compl. ¶¶ 16, 47, 51.  Neither has Customs made any CDSOA distributions to Koyo for those fiscal years.  Koyo commenced this action on May 30, 2012, contesting the denial of CDSOA distributions for the fiscal years in question.  Defendants subsequently filed their motions to dismiss, and Defendant-Intervenors moved for judgment on the pleadings.

## II. Standard of Review

In deciding a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in the plaintiff's favor.  Nan Ya Plastics Corp., Am. v. United States, 36 CIT ___, ___, 853 F. Supp. 2d 1300, 1305 (2012) (citing Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993)).  A USCIT Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(5) for failure to state a claim.  Forest Labs., Inc. v. United States, 29 CIT 1401, 1402-03, 403 F. Supp. 2d 1348, 1349 (2005), aff'd, 476 F.3d 877 (Fed. Cir. 2007).

A plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

### III. Discussion

In 2000, Congress amended the Tariff Act of 1930 to add Section 754, the CDSOA, which provides distributions of assessed antidumping and countervailing duties to ADPs on a fiscal year basis. 19 U.S.C. § 1675c(d)(1). To be an ADP, a party must meet several criteria, including the requirement that it have been a petitioner, or an interested party in support of a petition with respect to which an antidumping duty or countervailing duty order was entered. Id. § 1675c(b)(1) ("petition support requirement"). The CDSOA directed the ITC to forward to Customs, within 60 days of the issuance of an antidumping or countervailing duty order, lists of persons potentially eligible for ADP status, i.e., "petitioners and persons with respect to each order and finding and a list of persons that indicate support of the petition by letter or through questionnaire response." Id. § 1675c(d)(1). Customs then publishes the lists of potential ADPs in the Federal Register annually, prior to each distribution. Id. § 1675c(d)(2). Customs distributes assessed duties to parties on the list of potential ADPs that certify that they met the remaining eligibility criteria. Id. § 1675c(d)(2).

In this action, the ITC compiled lists of potential ADPs with respect to the subject orders. Compl. ¶ 40. Customs published the lists of potential ADPs for Fiscal Year 2010 on June 1, 2010, id. ¶ 46, and for Fiscal Year 2011 on May 27, 2011, id. ¶ 50. Plaintiff did not appear on either list. Id. ¶¶ 47, 51. Nevertheless, Plaintiff certified to Customs its eligibility for both fiscal years. Id. ¶¶ 48, 52. Customs responded by

Court No. 12-00147                                                                                                      Page 6

confirming receipt of Koyo's claims for Fiscal Years 2010 and 2011 but did not indicate the validity of those claims.  Id. ¶¶ 49, 54.

In Count 1, Plaintiff challenges the petition support requirement, as applied to Koyo, on First Amendment grounds.  Compl. ¶¶ 59-61.  In Count 2, Plaintiff claims the petition support requirement facially violates the First Amendment guarantees of freedom of speech and belief, and the right to petition the government for redress of grievances.  Id. ¶ 63.  Plaintiff also claims that the petition support requirement facially violates the First Amendment because it engages in impermissible viewpoint discrimination by conditioning receipt of a government benefit on a private speaker's specific viewpoint, i.e., expression of support for an antidumping duty petition, and is overbroad because it compels speech.  Id. ¶¶ 64-65.

In Count 3, Plaintiff challenges the application of the petition support requirement to it on Fifth Amendment equal protection grounds.  Id. ¶¶ 67-69.  In Count 4, Plaintiff claims that the petition support requirement violates the equal protection guarantees of the Fifth Amendment because it impermissibly creates classifications that implicate Plaintiff's fundamental speech rights, and because there is no legitimate governmental purpose for differentiating between similarly situated domestic producers.  Id. ¶¶ 71-73.

Lastly, in Count 5, Plaintiff challenges the petition support requirement as impermissibly retroactive in violation of the Fifth Amendment due process guarantee because eligibility for ADP status and disbursements is based on past conduct, i.e., support for the petition, and because the retroactive aspect of those eligibility

determinations is not rationally related to a legitimate government purpose. Id. ¶¶ 75-76.[3]

Plaintiff's First Amendment and Fifth Amendment equal protection facial challenges to the CDSOA are identical to previous claims that the court rejected in a companion case involving prior fiscal years.[4] See Pat Huval Restaurant & Oyster Bar, Inc. v. United States, 36 CIT ___, 823 F. Supp. 2d 1365 (2012) ("Pat Huval"). In Pat Huval, the court determined that Plaintiff's facial claims were precluded by the holding in SKF USA, Inc. v. U.S. Customs and Border Protection, 556 F.3d 1337 (Fed. Cir. 2009) ("SKF USA II"). Id., 36 CIT at ___, 823 F. Supp. 2d at 1375. The court noted that the Court of Appeals for the Federal Circuit upheld the CDSOA against constitutional challenges brought on First Amendment and Fifth Amendment equal protection grounds. Id. (citing SKF USA II, 556 F.3d at 1360 ("[T]he Byrd Amendment is within the constitutional power of Congress to enact, furthers the government's substantial interest in enforcing the trade laws, and is not overly broad. We hold that the Byrd Amendment is valid under the First Amendment."); id. ("Because it serves a substantial government

---

[3] In Counts 6 and 7, Koyo alleges that, because the CDSOA is unconstitutional, it is void ab initio, and that the unconstitutional provisions are severable from the CDSOA as a whole. These counts speak to remedy should Plaintiff prevail on the merits. Accordingly, the court construes them as part of the Prayer for Relief and not as part of Plaintiff's substantive claims.

[4] Koyo raised its constitutional challenges regarding all fiscal years prior to Fiscal Year 2006 in Court No. 06-00324, Fiscal Years 2006 and 2007 in Court No. 08-00340, and Fiscal Years 2008 and 2009 in Court No. 10-00001.

Court No. 12-00147 Page 8

interest, the Byrd Amendment is also clearly not violative of equal protection under the rational basis standard.")).[5]

Plaintiff argues that SKF USA II is no longer binding in light of Supreme Court decisions in Citizens United v. FEC, 558 U.S. 310 (2010), Snyder v. Phelps, 562 U.S. ___ (2011), and Sorrell v. IMS Health Inc., 564 U.S. ___ (2011).  Those cases, which dealt with restrictions on electioneering speech, state-law tort claims, and state-law regulation of confidentiality of pharmaceutical prescriptions, respectively, do not implicitly overturn SKF USA II or otherwise require the application of a level of scrutiny on restrictions of commercial speech that differs from that applied to the CDSOA in SKF USA II.  See, e.g., Standard Furniture Mfg. Co. v. United States, 36 CIT ___, ___- ___, 823 F. Supp. 2d 1327, 1338-42 (2012).

As to its as-applied challenges, Plaintiff is no differently situated than the plaintiff in Pat Huval.  Here too, Koyo has failed to plead facts that permit the court to conclude that these challenges differ from those brought and rejected in SKF USA II.  See Pat Huval, 36 CIT at___, 823 F. Supp. 2d at 1376-77.  Plaintiff's complaint does not contain any allegations that the CDSOA was applied to Koyo in a manner that differs from its application to other domestic producers who did not support a petition.  Koyo admits that it did not express support for the petition.  Compl. ¶ 15.  This places Koyo "on the same footing as other potential claimants who did not support the petition, such as SKF

---

[5] SKF USA II reversed the decision of the Court of International Trade in SKF USA Inc. v. United States, 30 CIT 1433, 451 F. Supp. 2d 1355 (2006), which held the petition support requirement of the CDSOA unconstitutional on Fifth Amendment equal protection grounds.

in <u>SKF USA II</u>." <u>Pat Huval</u>, 36 CIT at ___, 823 F. Supp. 2d at 1377 (citing <u>SKF USA II</u>, 556 F.3d at 1343).

Because Koyo's constitutional facial and as-applied challenges here are indistinguishable from those claims in <u>Pat Huval</u> and indistinguishable from those claims rejected by the Court of Appeals in <u>SKF USA II</u>, those challenges are foreclosed by the holding in <u>SKF USA II</u>. Accordingly, Counts 1 through 4 of Plaintiff's complaint must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff claims that the petition support requirement is impermissibly retroactive in violation of the Fifth Amendment due process guarantee because eligibility for CDSOA benefits is based on past conduct, <u>i.e.</u>, petition support. In the companion case, the court rejected the identical claim. <u>See</u> <u>Pat Huval</u>, 36 CIT at ___, 823 F. Supp. 2d at 1377 (quoting <u>New Hampshire Ball Bearing v. United States</u>, 36 CIT ___, ___ - ___, 815 F. Supp. 2d 1301, 1309 (2012) ("'the retroactive reach of the petition support requirement in the CDSOA is justified by a rational legislative purpose and therefore is not vulnerable to attack on constitutional due process grounds.'"); <u>id.</u> (internal quote omitted) ("'It was not arbitrary or irrational for Congress to conclude that the legislative purpose of rewarding domestic producers who supported antidumping petitions . . . would be 'more fully effectuated' if the petition support requirement were applied both prospectively and retroactively.'")). Because Plaintiff's claim is indistinguishable from that in <u>Pat Huval</u>, Count 5 of Plaintiff's complaint must be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's complaint under Rule 12(b)(5) for failure to state a claim and Defendant-Intervenors' motion for judgment on the pleadings under Rule 12(c) are hereby granted. Judgment dismissing this action will be entered accordingly.

                                                  /s/ Leo M. Gordon
                                                  Judge Leo M. Gordon

Dated: March 13, 2013
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KOYO CORPORATION OF U.S.A.,<br><br>                Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                Defendant. | Before:  Leo M. Gordon, Judge<br><br>Court No. 12-00147 |

**JUDGMENT**

Upon consideration of the Complaint, the motions to dismiss for failure to state a claim upon which relief can be granted filed by Defendants U.S. International Trade Commission and U.S. Customs and Border Protection, the motion for judgment on the pleadings filed by Defendant-Intervenors, all other papers and proceedings had in this action, and in conformity with the court's Opinion issued on this date, it is hereby

**ORDERED** that Defendants' motions pursuant to USCIT Rule 12(b)(5) to dismiss are granted; it is further

**ORDERED** that Defendant-Intervenors' motion pursuant to USCIT Rule 12(c) for judgment on the pleadings is granted; and it is further

**ORDERED** that this action is dismissed.

                                                              /s/ Leo M. Gordon
                                                             Judge Leo M. Gordon

Dated: March 13, 2013
       New York, New York